UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH L. LOVE,

    Petitioner,

  v.                                          Case No. 19-CV-1618

PAUL S. KEMPER,

    Respondent.

## DECISION AND ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Keith L. Love, a prisoner in Wisconsin custody, filed a petition for a writ of habeas corpus alleging that he was wrongly terminated from a Sex Offender Treatment Program (SOTP) at Racine Correctional Institution, which affected his parole eligibility. (Docket # 1.) The Respondent filed a motion to dismiss the petition on the basis that Love did not exhaust his claim at the state level. (Docket # 10, 11.) Love responds, in essence, that exhaustion is not required. (Docket # 12.) For the reasons below, the Respondent's motion to dismiss will be granted. Love also filed a motion for summary judgment (Docket # 16), which will be denied.

### BACKGROUND

On August 29, 1996, a jury convicted Love of first-degree sexual assault while armed. (Docket # 11-1 at 3.) Love was sentenced to forty years' imprisonment. (*Id.*) Love's appellate counsel filed a no-merit report, and the Wisconsin Court of Appeals allowed counsel to withdraw and affirmed the conviction on April 20, 1999. (Docket # 11-2.)

Love is currently incarcerated at the Racine Correctional Institution. His mandatory release date is March 25, 2023. (Docket # 16-2 at 5.) On March 12, 2018, the Department of Corrections Parole Commission held a parole review hearing and recommended a nine-month deferral instead of parole/release, noting that Love had not served sufficient time for punishment, he was currently enrolled in an SOTP but had not yet completed it, and release at that time would involve an unreasonable risk to the public. (*Id.*) The Parole Commission noted that several actions were required to reduce Love's risk to an acceptable level, including additional time, continued good conduct, successful completion of the SOTP, continued positive involvement in other programs and institution job opportunities, and other actions. (*Id.* at 5–6.) Love's new parole eligibility date was February 24, 2019. (*Id.*)

In November 2018, Love was terminated from the SOTP with just two months remaining in the twenty-four-month program. (Docket # 1 at 1.) On December 6, 2018, the Parole Commission recommended a deferral of twenty-four months for Love, noting the same factors as before but also noting Love's termination from the SOTP and the reasons given for it. (Docket # 16-2 at 8–9.)

On December 17, 2018, Love filed an inmate complaint stating that he had been wrongly terminated from the SOTP and had been denied due process. The institution complaint examiner, M. Bones, issued a report on the complaint. (Docket # 12-2 at 4–5.) Bones explained that she had reviewed the DOC-1423 Sex Offender Program Report regarding Love's termination from the program and concluded that there was no error or violation of applicable policy in the decision to terminate Love from the SOTP. (*Id.*) Bones also explained that termination from a program is not a disciplinary action under DOC 303 and "does not follow due process guidelines." (*Id.*) Bones recommended dismissal of the

complaint, and Warden Kemper dismissed it on January 25, 2019. (*Id.* at 6.) The notice of Warden Kemper's dismissal explained that the complainant could appeal the decision within fourteen days by filing a written request with the Corrections Complaint Examiner on Form DOC-405 (*Id.* (citing DOC 310.12).) Love has not provided documentation of such an appeal and does not indicate whether he filed it.

On November 4, 2019, Love filed a complaint in this case entitled "42 U.S.C. 1983 and Writ of Habeas Corpus Petition" arguing that a number of prison officials had violated his due process, equal protection, and Eighth Amendment rights, leading to loss of parole eligibility. (Docket # 1.) Love sought relief including "1. Reversal of his termination from the SOTP with an investigation into the SOTP facilitators and their actions. 2. Reversal of the 24 month defer[ment] by the parole board with consideration of a release plan to either complete the program in the community or be Re-Classified and recommended for a 9 month program or less to complete the remaining needs noted in Phase III of the so4 treatment. 3. Trial by jury, seeking [monetary] damages . . . . 4. An order granting Parole & Immediate Release." (Docket # 1 at 6.)

At screening, the Honorable Lynn Adelman interpreted Love's petition as primarily challenging the duration of his confinement and construed it as a petition for a writ of habeas corpus. (Docket # 3 (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)).) Judge Adelman accordingly dismissed all defendants except the Respondent. (*Id.*) The matter was then reassigned to me on consent of both parties. (Docket # 8.)

The Respondent filed a motion to dismiss on January 8, 2020. (Docket # 10.) Love responded on January 31, 2020. (Docket # 12.) On March 2, 2020, the Respondent notified

3

the court that he would file no reply. (Docket # 14.) On April 2, 2020, Love filed a motion for summary judgment. (Docket # 16.)

## LEGAL STANDARD

Section 2254 of Title 28 U.S.C. requires the court to dismiss an application for a writ of habeas corpus unless the applicant has exhausted available state remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(A) and (B). An applicant is not deemed to have exhausted the available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). To exhaust a claim for habeas review, a petitioner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Furthermore, failure to present a claim at the time, and in the way, required by the state will bar review in federal court. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996), *opinion modified on denial of reh'g*, 79 F.3d 578 (7th Cir. 1996). Procedural default may be overcome by a showing of "cause" excusing the default and resulting "prejudice." *Rodriguez v. Young*, 906 F.2d 1153, 1158–59 (7th Cir. 1990) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)).

## ANALYSIS

The Respondent argues that Love's motion should be dismissed for failure to present his claim in any state court. (Docket # 11.) I agree, as it is apparent that Love has not sought relief for any of his constitutional claims in any state court, despite procedures in place for him to do so. It is difficult to isolate discrete constitutional claims from Love's

4

pleadings, but it is clear that Wisconsin courts will entertain the types of challenges he raises. Generally, claims raised in federal habeas petitions have been exhausted through direct appeal, post-conviction motions, or state petitions for writs of habeas corpus. Additionally, denials of parole and other administrative actions may be challenged in petitions for writs of certiorari to the Wisconsin courts. *See Schilling v. Gudmanson*, 210 F.3d 376 (7th Cir. 2000) (unpublished decision) (affirming dismissal of habeas petition on exhaustion grounds where petitioner failed to avail himself of Wisconsin's procedure for requesting a writ of certiorari to challenge administrative actions that hampered his ability to be found parole-qualified) (citing *Wisconsin v. Goulette*, 222 N.W.2d 622, 626 (Wis. 1974))). Love has not availed himself of any of these procedures to pursue the claims he raises here.

Furthermore, Love has not provided any explanation for his failure to exhaust state remedies other than his erroneous belief that it is not required. Love asserts that the Anti-terrorism and Effective Death Penalty Act (AEDPA) does not apply to his petition, because he is not challenging his conviction or sentence or the Court of Appeals decision affirming his conviction, but only the internal processes that ultimately affected his eligibility for parole. (Docket # 12 at 2.) I construe Love's argument as that his claim falls not under 28 U.S.C. § 2254, but under 28 U.S.C. § 2241, which does not explicitly require exhaustion of state court remedies. However, federal courts also require exhaustion of § 2241 claims in the interest of comity. *See, e.g.*, *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991); *Puchner v. Severson*, No. 19-CV-1737, 2019 WL 6895992, at \*1 (E.D. Wis. Dec. 18, 2019) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Castor*, 937 F.2d at 296–97; *Neville v. Cavanagh*,

5

611 F.2d 673, 675 (7th Cir. 1979); *Baldwin v. Lewis*, 442 F.2d 29, 31–33 (7th Cir. 1971)), *report and recommendation adopted by* No. 19-CV-1737-PP, 2020 WL 2085277, at *1–2 (E.D. Wis. Apr. 30, 2020). There is no indication that Love challenged the institution's procedures for terminating him from the SOTP or the handling of his complaint via the proper administrative procedures, Wis. Admin. Code § 310, or in any Wisconsin court. Thus, he has not exhausted his claim under § 2241.[1]

Furthermore, to the extent Love seeks relief that does not imply release from custody—for example, reversal of his allegedly improper termination from the SOTP—these are not properly the subject of a habeas petition, but an action under 42 U.S.C. § 1983. *See Bartley v. Wisconsin Dep't of Corr.*, 258 F. App'x 1 (7th Cir. 2007) ("[A]n inmate may challenge state parole procedures in an action under § 1983 when success would merely mean becoming eligible for a discretionary grant of parole, as opposed to being released immediately from prison or having one's release date bumped up."); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (dismissing without prejudice a habeas petition while noting that claim could be refiled under § 1983). Although Love purported to file his petition as both a § 1983 claim and a habeas petition, Judge Adelman construed it as one for habeas relief and dismissed the would-be defendants in a § 1983 action. Thus, if Love wishes to pursue these claims as a § 1983 action, he must file a new complaint squarely under § 1983. As required by *Glaus*, I inform Love that the court is not making a decision on the ultimate merits of his claims, and Love is free to refile his case under the appropriate legal label. 408

---

[1] In addition to the arguments in his response to the motion to dismiss, Love argues in his motion for summary judgment that exhaustion is not required under *Wilson v. Jones*, 430 F.3d 1113 (10th Cir. 2005). (Docket # 16 at 1.) In *Wilson*, the Tenth Circuit held that exhaustion of state remedies did not apply when there was no state judicial procedure for challenging the alleged action. *Id.* at 1118. *Wilson* is not relevant here because, unlike the state in *Wilson*, Wisconsin allows plaintiffs to raise judicial challenges to the types of actions Love complains of via petitions for writ of certiorari.

6

Case 2:19-cv-01618-NJ   Filed 06/10/20   Page 6 of 7   Document 18

F.3d at 389–90. The court also reminds Love that if he chooses to refile his claim, he will be subject to the Prisoner Litigation Reform Act (PLRA), with its rules and consequences. *Id.* at 390. Love is further advised that the PLRA requires prisoners to fully exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997e(a). If Love refiles his case, he is encouraged to utilize this district's standard forms for *pro se* actions brought under 42 U.S.C. § 1983, which the clerk of the court will provide without charge. *See* Civil L.R. 9(b) (E.D. Wis.).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Love's petition for a writ of habeas corpus (Docket # 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Love's motion for summary judgment is **DENIED**.

**IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of June, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge